Citation Nr: 1730416 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 13-09 158 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for bilateral shoulder disability.

2. Entitlement to service connection for right groin disability.

3. Entitlement to service connection for asthma.

4. Entitlement to a disability rating in excess of 40 percent for a urinary tract disorder (UTI) and cystitis.


REPRESENTATION

Appellant represented by: Penelope E. Gronbeck, Attorney


WITNESS AT HEARING ON APPEAL

Appellant
ATTORNEY FOR THE BOARD

R. Erdheim, Counsel


INTRODUCTION

The Veteran served on active duty from June 1995 to April 1999, with reserve service afterwards.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a March 2012 rating decision by a Regional Office (RO) of the Department of Veterans Affairs (VA). The Veteran presented testimony at a Board hearing in August 2014. The Board remanded the claim in April 2015.


FINDINGS OF FACT

1. The Veteran's contended bilateral shoulder disability and right groin disability, and asthma, were not caused or aggravated, or had their onset, during active service.

2. Throughout the appeal period, the Veteran's UTI/cystitis has required wearing absorbent materials that must be changed 2 to 4 times per day.


CONCLUSIONS OF LAW

1. The criteria for service connection for a bilateral shoulder disability have not been met. 38 U.S.C.A. §§ 1110, 1112, 1113, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2016).

2. The criteria for service connection for a right groin disability have not been met. 38 U.S.C.A. §§ 1110, 1112, 1113, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2016).
3. The criteria for service connection for asthma have not been met. 38 U.S.C.A. §§ 1110, 1112, 1113, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2016).

4. The criteria for a rating in excess of 40 percent for a UTI/cystitis have not been met. 38 U.S.C.A. § 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. § 3.159, 4.1-4.14, 4.115a, 4.115b, 4.124a, Diagnostic Codes 7512, 7542 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2016); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). The Board notes that an additional VA examination to assess the severity of the Veteran's UTI/cystitis was obtained in June 2017, after the most recent supplemental statement of the case. Subsequently, in June 2017, the RO readjudicated the claim for increased rating in a rating decision, thus, this new evidence was considered in the first instance. Moreover, while the Veteran submitted a statement with regard to her claim for service connection for asthma in July 2017, such statement is considered to be duplicative of her other, prior statements of record and thus has already been considered by the RO.

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303 (a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d). 



Direct service connection may be granted with medical evidence of a current disability; medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and medical evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. 38 U.S.C.A. § 1112; 38 C.F.R. § 3.304. See also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff'd, 78 F.3d 604 (Fed. Cir. 1996) [(table)]. 

Alternatively, service connection may be established under 38 C.F.R. § 3.303 (b) by evidence of (i) the existence of a chronic disease in service or during an applicable presumption period under 38 C.F.R. § 3.307, (ii) present manifestations of the same chronic disease, and (iii) evidence of continuity of symptomatology. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). If the claimed disability is not one listed under 38 C.F.R. § 3.309, credible lay evidence of continuous symptoms can support the claim.

The Veteran contends that she injured her shoulders and right groin during service and that she has suffered from pain in these regions since service. She contends that she hurt her shoulders pulling shore cables onboard her ship, and that she injured her right groin while completing these same or similar duties. She contends that her asthma began while aboard the USS Peterson DD969, and might be due to asbestos exposure.

The Board finds, however, that service connection for a bilateral shoulder disability, a right groin disability, and asthma, must be denied. For one, the service treatment records are negative for a diagnosis of a shoulder disability, a groin disability, or asthma. Rather, on 1999 separation examination, the Veteran denied experiencing shoulder pain, muscle pain of her right leg/thigh, or asthma. 

Next, the evidence does not reflect a continuity of symptoms since service separation, or a medical link between these disabilities and the Veteran's service. 

In February 2012, a VA examiner conducted a physical examination of the Veteran and reviewed the claims file, but determined that it was less likely than not that the Veteran's reported current groin pain or asthma were caused or aggravated by her service. With regard to asthma, the examiner found no indication of asthma in service. The examiner noted that the groin pain currently reported was not shown in the service records. While the service records included one notation of reported groin pain, the symptoms and pathology of that reported incident and the Veteran's current symptoms were different conditions. Finally, with regard to the Veteran's bilateral shoulder pain, the examiner found no indication of a current shoulder disability that could be related to service. 

In September 2016, another VA examiner conducted physical examination of the Veteran and reviewed the claims file. The examiner determined that the Veteran did not have a diagnosed shoulder disability or right groin disability. While she reported subjective symptoms of some tingling and pain in these areas, there was no diagnosis to be made based upon the pathology shown. Such was consistent with the VA records, which also showed no diagnosis of a shoulder or groin disability. Notably, the service records showed one complaint of right inguinal pain, but the Veteran's current symptoms were not located in that region. With regard to the Veteran's asthma, the examiner remarked that the Veteran did not have asbestosis or any characteristic lung function abnormalities of asbestosis. Her asthma was diagnosed following separation from service, and the medical literature showed no epidemiologic evidence of a cause and effect relationship between activities of being on board a ship, to include breathing in gasoline fumes, oil fumes, dust, or debris, and the later development of asthma.

In this case, based upon the competent medical evidence as summarized above, the Board finds that service connection is not warranted for a shoulder disability, right groin disability, or asthma. The Board has taken into consideration the Veteran's assertions that she has suffered from groin pain, shoulder pain, and breathing difficulty since service. However, the Veteran is not competent to diagnose asthma, and the record does not reflect a current diagnosis of a shoulder disability or a right groin disability. Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011). The competent medical evidence, to include two VA opinions, do not support a finding that the Veteran suffers from a bilateral shoulder disability or right groin disability. While the Veteran reported to her VA treatment provider in 2015 that she was previously diagnosed with a rotator cuff tear, there is no evidence to substantiate that she was diagnosed with this condition. In that regard, in the absence of proof of a present disability, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). The Board has considered McClain v. Nicholson, 21 Vet. App. 319, 321 (2007), however, the medical evidence does not demonstrate a diagnosis of a shoulder disability and/or right groin disability. Therefore, as the first element of a claim for service connection, that of a disability, has not been shown, service connection for a bilateral shoulder disability or a right groin disability must be denied. And, while the Veteran reports that she was exposed to asbestos while on board her ship in service, the competent medical opinions of record demonstrate that she has not been diagnosed with an asbestos-related disability, and the opinions also found it to be less likely than not that her asthma was caused or aggravated by her service. As the preponderance of the evidence is against the Veteran's claims for service connection, they must be denied.

Increased Rating

Ratings for service-connected disabilities are determined by comparing the veteran's symptoms with criteria listed in VA's Schedule for Rating Disabilities, which is based, as far as practically can be determined, on average impairment in earning capacity. Separate diagnostic codes identify the various disabilities. 38 C.F.R. Part 4. When rating a service-connected disability, the entire history must be borne in mind. Schafrath v. Derwinski, 1 Vet. App. 589 (1991). Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. The Board will consider entitlement to staged ratings to compensate for times since filing the claim when the disability may have been more severe than at other times during the course of the claim on appeal. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007).

The Veteran's service-connected UTI, previously diagnosed as cystitis, is rated as 40 percent disabling pursuant to DC 7542, which pertains to neurogenic bladder. That condition is to be rated pursuant to a voiding dysfunction. The Veteran was previously rated at 40 percent pursuant to DC 7512, which pertains to cystitis, and which is also rated pursuant to a voiding dysfunction. 38 C.F.R. § 4.115, Diagnostic Code 7512, 7542. For voiding dysfunctions, a 40 percent evaluation is warranted for requiring the wearing of absorbent materials which must be changed 2 to 4 times per day; or daytime voiding interval less than one hour, or; awakening to void five or more times per night. A 60 percent evaluation is warranted for requiring the use of an appliance or the wearing of absorbent materials which must be changed more than 4 times per day. Id.

The Veteran contends that her service-connected UTI/cystitis results in frequent urinary incontinence and bladder pain. However, on VA examinations conducted in February 2012, September 2016, and in June 2017, it was found that the Veteran did not use pads or absorbent materials for her urinary leakage. Moreover, in September 2016, the VA examiner concluded that the Veteran did not suffer from interstitial cystitis, but rather suffered from recurrent urinary tract infections. That conclusion was based upon a review of the relevant VA treatment records showing recurrent UTIs rather than cystitis. That being the case, her symptoms of leakage, increased voiding, and bladder pain were less likely than not caused by her recurrent urinary tract infections. A February 2015 VA record had noted that the Veteran's reported symptoms were suspected to be related to musculoskeletal or gynecological causes, rather than urological. In any event, as the requirements for an increased rating for a voiding dysfunction have not been shown, the Board finds that a higher rating for the Veteran's service-connected disability is not warranted.






 (CONTINUED ON NEXT PAGE)





ORDER

Service connection for a bilateral shoulder disability is denied.

Service connection for a right groin disability is denied.

Service connection for asthma disability is denied.

A rating in excess of 40 percent for cystitis/UTI is denied.




____________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs